## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**UNITED STATES OF AMERICA**

**v.**                                                            **CRIMINAL NO: 4:25-CR-0081-SA-JMV**

**EARL BLUE**

**18 U.S.C. § 2113 (a)**
**18 U.S.C. § 2113 (d)**
**18 U.S.C. § 924(c)(1)(A)(ii)**

### PLEA AGREEMENT

The United States Attorney hereby proposes to the Court a plea agreement to be filed in this cause under Rule 11(c) of the Federal Rules of Criminal Procedure. Defendant has read and fully understands this plea agreement and approves same, realizing that the plea agreement is subject to acceptance or rejection by the Court. The plea agreement is as follows:

1. GUILTY PLEA: The defendant agrees to plead guilty under oath to Count One of the Indictment, which charges Bank Robbery in violation of Title 18, United States Code, Section 2113(a) and Section 2113(d), and carries maximum possible penalties of a $250,000 fine, 25 years imprisonment, five years supervised release, restitution in the amount of loss, and a special assessment of $100.

2. OTHER CHARGES: The United States agrees not to charge the defendant with any other offenses arising from or related to the above charge.

3. RESTITUTION: The defendant understands that the Court may order restitution in accordance with the provisions of 18 U.S.C. § 3663 for all offenses committed and specifically agrees that restitution is not limited to the count of conviction.

4. WAIVER OF ALL APPEALS AND COLLATERAL ATTACKS: Except for prosecutorial misconduct and ineffective assistance of counsel, defendant hereby expressly

1

waives any right to appeal the conviction or sentence imposed in this case, and the manner in which sentence was imposed, on any ground whatsoever, including but not limited to the grounds set forth in 18 U.S.C. § 3742. Except for prosecutorial misconduct and ineffective assistance of counsel, defendant also hereby expressly waives all rights to contest or collaterally attack the conviction or sentence, and the manner in which sentence was imposed, in any post-conviction proceeding, including but not limited to a motion brought pursuant to 28 U.S.C. § 2255. Defendant waives these rights in exchange for the concessions and recommendations made by the United States in this plea agreement.

5. OTHER AUTHORITIES: This agreement does not bind any prosecuting authority of any state or any other federal district, nor does it bind the Attorney General of the United States with regard to any matter, criminal or civil, involving federal tax laws. Nor does this agreement bind the United States or any of its departments or agencies with regard to any civil or administrative actions or remedies.

6. VIOLATIONS OF THIS AGREEMENT: If defendant violates this agreement, all statements made pursuant hereto will be admissible against defendant, who hereby waives the provisions of Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence. The defendant may also, in that event, be prosecuted for all federal offenses, including perjury and false statements relating to this plea agreement.

7. ACKNOWLEDGMENTS: Apart from being advised of the applicability of the U.S. Sentencing Guidelines, and other than as set forth elsewhere in the plea documents, no promise or representation whatsoever has been made to defendant as to what punishment the Court might impose if it accepts the plea of guilty. This agreement fully reflects all promises, agreements, and understandings between the defendant and the United States

2

Attorney. The defendant's agreement is knowingly, freely, and voluntarily entered into, and not the product of force, threat, or coercion. The defendant is pleading guilty because defendant is in fact guilty.

This the _____20TH_____ day of _____FEBRUARY_____, 2026.

_____
SCOTT F. LEARY
United States Attorney
MS Bar No. 8985

AGREED AND CONSENTED TO:

Earl Blue
Defendant

2·13-26

APPROVED:

John Daniels
Attorney for Defendant
Mississippi Bar No. 578M

2·13-26

3